UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VINCENT DiLEO and LISA DiLEO,

    Plaintiffs,

v.

UNITED RENTALS (NORTH AMERICA), INC., JLG INDUSTRIES, INC., ALBION INDUSTRIES, INC., CONVEYOR AND CASTER CORP., COLSON CASTER GUANGZHOU LTD., COLSON ASIA (HONG KONG) LTD., and COLSON GROUP HOLDINGS, LLC.,

    Defendants.

UNITED RENTALS (NORTH AMERICA), INC.,

    Third-Party Plaintiff,

v.

ELECTRICAL CONSTRUCTION AND CONTRACTING, INC.,

    Third-Party Defendant.

CIVIL ACTION
NO. 15-cv-40157-TSH

**ORDER**

**July 9, 2018**

Hennessy, M.J.

    Before me by way of referral, see docket #176, is the motion of Defendant JLG Industries, Inc. ("JLG") to compel and sanction Defendants Colson Group Holdings, LLC ("Colson Group"), Colson Caster Guangzhou Ltd. ("Colson Caster"), and Colson Asia (Hong Kong) Ltd. ("Colson Asia") (collectively, the "Colson entities"). Docket #172; see docket #173

1

(supporting memorandum of law).  JLG's motion argues that the Colson entities failed to timely respond to JLG's request for production of documents, requiring JLG to file the instant motion to compel.  The motion seeks an order compelling the Colson entities to respond, and sanctions, including costs and attorney's fees, against the Colson entities.  The Colson entities oppose the motion.  See docket #181.

The parties argued the motion at a hearing on July 5, 2018.  At that hearing, I issued an order from the bench compelling the Colson entities to supplement their responses to JLG's request for production no later than July 26, 2018.  I took under advisement JLG's motion for sanctions.

For the reasons that follow, JLG's motion for sanctions is GRANTED IN PART AND DENIED IN PART.  I find that sanctions are appropriate as to Colson Group, but not as to Colson Caster or Colson Asia.  I therefore will award sanctions in the amount of one-third of JLG's costs and attorney's fees.  I direct JLG to file under seal a schedule of its costs and attorney's fees associated with the instant motion.

I. BACKGROUND

This product liability case arises from an accident at a construction site on December 18, 2012. Plaintiff Vincent DiLeo, through his company Third-Party Defendant Electrical Construction and Contracting, Inc. ("ECC"), rented a vertical platform lift from Defendant United Rentals (North America) Inc. ("United Rentals") for use at a job site in Methuen, Massachusetts.  The lift was transported by trailer from a United Rentals location in Shrewsbury, Massachusetts to the job site.  While DiLeo and others were attempting to transfer the lift from the trailer onto the ground, one of the lift's wheels snapped, causing the lift to fall onto DiLeo.  DiLeo sustained serious physical injuries, causing him to miss work and lose wages.  DiLeo and

his wife, Plaintiff Lisa DiLeo, allege that a manufacturing defect caused the wheel to snap. They have sued Defendants on various theories of liability including breach of the implied warranty of merchantability, negligence, and loss of consortium. See generally docket #127 (Third Amended Complaint).

A chronology is helpful to understanding the instant motion.

On March 31, 2016, Judge Hillman held the first scheduling conference in this case and issued the Court's first scheduling order. See docket ##28, 29. Pursuant to Federal Rule of Civil Procedure 26(f)(1), the parties were required to have held a Rule 26(f) conference at least twenty-one days before the scheduling conference took place or the scheduling order was issued. See Fed. R. Civ. P. 26(f)(1); see also Fed. R. Civ. P. 26(f)(2) (listing topics to be discussed at the Rule 26(f) conference). The Colson entities did not participate in the Rule 26(f) conference because they were not yet parties to this case.

On September 5, 2017, JLG served on counsel to the Colson entities the request for production that is the subject of the instant motion. See docket #172-1. The Colson entities still had not joined this lawsuit at that time.

Colson Group joined the case when it waived service of Plaintiffs' Third Amended Complaint on November 20, 2017. See docket #137. And Colson Caster and Colson Asia joined the case when substitute service of the Third Amended Complaint was effected on March 23, 2018. See docket ##158, 159.

On November 13, 2017, JLG emailed the Colson entities' counsel asking for a response to the request for production. The Colson entities did not respond to that email. JLG sent another email on November 27, 2017, to which the Colson entities again did not respond.

On December 4, 2017, JLG's counsel and the Colson entities' counsel spoke by phone. According to JLG, the Colson entities took the position that they were not obligated to respond to JLG's discovery request because they had not yet answered Plaintiffs' complaint. JLG's counsel explained that the Colson entities' position was incorrect as a matter of law.

On December 7, 2017, JLG's counsel emailed the Colson entities' counsel to follow up the December 4 phone call. In response, the Colson entities wrote that they would "make every effort" to serve responsive documents by January 8, 2018. Docket #172-3 at 2. The Colson entities failed to meet that January 8 deadline.

On April 23, 2018, JLG again emailed the Colson entities' counsel asking about the status of JLG's document request. The Colson entities did not respond. JLG sent two additional emails on May 2 and May 14, 2018. JLG received no reply.

On May 23, 2018, JLG emailed the Colson entities' counsel warning that JLG had no choice but to file a motion to compel. The Colson entities responded and asked for two more weeks to respond to the document request. JLG agreed. Once again, the Colson entities failed to meet the extended deadline.

Having received no response to its discovery request, on June 11, 2018, JLG filed the instant motion to compel and impose sanctions. Docket #172. Two weeks later, the Colson entities filed an opposition to which they attached a response to JLG's discovery request. See docket #181-1. The response is dated June 25, 2018. Id. at 7.

As noted above, I granted JLG's motion to compel at the motion hearing on July 5, 2018. Thus, only JLG's motion for sanctions is ripe.

II.     STANDARD

    A.     JLG's Discovery Request

JLG propounded its discovery request pursuant to Federal Rule of Civil Procedure 34. As relevant here, that rule provides, "The party to whom the request is directed must respond in writing within 30 days after being served" with the request.[1] Fed. R. Civ. P. 34(b)(2)(A). Federal Rule of Civil Procedure 26(d) governs when a Rule 34 request is deemed to have been served. It says, subject to exceptions not relevant here, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). While a Rule 34 request can be <u>delivered</u> as soon as twenty-one days have elapsed after service of the summons and complaint, Fed. R. Civ. P. 26(d)(2)(A), such a request is not deemed <u>served</u> until a Rule 26(f) conference has taken place, Fed. R. Civ. P. 26(d)(2)(B). Thus, the earliest a Rule 34 request can be delivered is more than twenty-one days after service of process. See Fed. R. Civ. P. 26(d)(2). Contrary to a position that the Colson entities took with JLG, neither Rule 26(d) nor Rule 34(b)(2)(A) references the date on which a party to whom a Rule 34 request is directed files an answer.

The fact that the Colson entities were not yet parties to this case when the Rule 26(f) conference occurred does not impact the timeliness of JLG's discovery request. Where, as here, a party is added to a civil action after a Rule 26(f) conference has already taken place, "[d]iscovery can go forward . . . without a further [Rule 26(f)] conference." Charles Alan

---

[1] Rule 34 further directs that when a request is "delivered under Rule 26(d)(2)," a written response is due "within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A). That provision does not apply here. Rule 26(d)(2) governs "[e]arly Rule 34 [r]equests" that are delivered before the parties conduct a Rule 26(f) conference. See Fed. R. Civ. P. 26(d). Here, JLG's request was submitted long after the Rule 26(f) conference in this matter took place.

Wright, Arthur R. Miller et al., 8A Federal Practice and Procedure: Civil § 2046.1 at n.5 (3d ed. rev. Apr. 2018).

B. JLG's Motion

The instant motion for sanctions is governed by Federal Rule of Civil Procedure 37(a)(5)(A). That rule instructs that when a motion to compel is granted, or when the requested discovery materials are not produced until after a motion to compel has been filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The rule further directs that the Court must not order such sanctions if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Id. "A substantial justification is one that 'could satisfy a reasonable person.'" Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth., 295 F.3d 108, 117 (1st Cir. 2002) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

III. ANALYSIS

The Colson entities did not respond to JLG's request for production until after JLG filed its motion to compel. JLG's motion for sanctions thus falls squarely within Federal Rule of Civil Procedure 37(a)(5)(A). The question therefore becomes whether any of the three circumstances precluding sanctions, see Fed. R. Civ. P. 37(a)(5)(A)(ii), is present. I address them sequentially.

First, JLG made numerous good-faith attempts to obtain the discovery materials without having to resort to motion practice. JLG submitted exhibits documenting nine emails it sent to

6

the Colson entities' counsel over a period of more than six months.  See docket ##172-2, 172-3.  Counsel to the Colson entities replied to only two of those emails.  See docket #172-3 at 1-2.  Apart from the now-abandoned argument that there is no obligation to provide discovery until a party has answered the complaint, from December 2017, the Colson entities did not contest the validity of JLG's request, but rather asked for more time to respond.  Id.  The Colson entities then failed to meet the extended deadlines that they themselves had proposed.  See id.  JLG's extensive, patient, and professional email correspondence with the Colson entities' counsel amounts to a good-faith effort to avoid unnecessary motion practice.

Second, I find that the Colson entities' delay was not substantially justified.  At the motion hearing, counsel to the Colson entities conceded as much as to Colson Group, and accepted responsibility for the delay in responding to JLG's request.  The Court appreciates counsel's candor; yet the fact remains that JLG was forced to file the instant motion to compel.  As for Colson Caster and Colson Asia, they were not served until March 23, 2018.  See docket ##158, 159.  Colson Caster and Colson Asia were required to respond to JLG's request fifty-one days later: a Rule 34 request can be served more than twenty-one days after service of process, see Fed. R. Civ. P. 26(d)(2)(A), after which a party has thirty days to respond, see Fed. R. Civ. P. 34(b)(2)(A).  Colson Caster's and Colson Asia's response deadline thus was May 14, 2018.[2]  But their response was not filed until June 25, 2018.  Moreover, as explained above, Rule 34 does not contemplate the date of Colson Caster's and Colson Asia's answer to Plaintiffs' complaint.  I therefore find that the Colson entities' delay was not substantially justified.

Third, having reviewed the parties' filings and heard oral argument, I find that no other circumstance renders sanctions unjust as to Colson Group.  However, I decline to order sanctions

---

[2] The fifty-first day after March 23, 2018 was May 13, 2018.  Because May 13, 2018 was a Sunday, the deadline fell on the following business day, i.e., Monday, May 14, 2018.  See Fed. R. Civ. P. 6(a)(1)(C).

7

as to Colson Caster and Colson Asia.  At the motion hearing, the Colson entities' counsel represented that she had communication issues with Colson Caster and Colson Asia, which are based in China and Hong Kong, respectively.  Further, unlike Colson Group's response to JLG's request, which was filed several months late, Colson Caster's and Colson Asia's response was late by forty-two days—a relatively modest delay in the context of this three-year-old litigation, and a delay that I find is mitigated by counsel's difficulty communicating with her clients.  I also note that Colson Asia appears to have ceased operations in June 2017, see docket #181 ¶ 12, potentially rendering counsel's efforts to communicate with Colson Asia more difficult.  For these reasons, considering the totality of the circumstances, see Fed. R. Civ. P. 37(a)(5)(A)(iii), I find that sanctions would be unjust as to Colson Caster and Colson Asia and therefore decline to impose them.

## Conclusion

JLG's motion for sanctions, docket #172, is GRANTED IN PART AND DENIED IN PART.  Finding sanctions appropriate only as to Colson Group, the Court will award sanctions in the amount of one-third of JLG's costs and attorney's fees.

The Court ORDERS that JLG shall, on or before July 16, 2018, file under seal a schedule of its costs and attorney's fees in connection with the instant motion.


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge