UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT DiLEO and LISA DiLEO,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC., JLG INDUSTRIES, INC., ALBION INDUSTRIES, INC., CONVEYOR AND CASTER CORP., COLSON CASTER GUANGZHOU LTD., COLSON ASIA (HONG KONG) LTD., and COLSON GROUP HOLDINGS, LLC.,<br><br>      Defendants.<br><br>UNITED RENTALS (NORTH AMERICA), INC.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>ELECTRICAL CONSTRUCTION AND CONTRACTING, INC.,<br><br>      Third-Party Defendant. | CIVIL ACTION<br>NO. 15-cv-40157-TSH |

**ORDER**

**July 24, 2018**

District Judge Hillman referred to me the motion of JLG Industries, Inc. ("JLG") to compel and sanction Colson Group Holdings, LLC ("Colson Group"), Colson Caster Guangzhou Ltd. ("Colson Caster"), and Colson Asia (Hong Kong) Ltd. ("Colson Asia") (collectively, the "Colson entities") for failing to adequately respond to JLG's request for production, necessitating JLG to file a motion to compel. Docket #172; see docket #176 (order of reference).

1

JLG and the Colson entities briefed the motion and argued the motion at a hearing held July 5, 2018. At that hearing, I issued a verbal order compelling the Colson entities to further respond to JLG's request for production. See docket #187. I took under advisement JLG's motion for sanctions. See id.

On July 9, 2018, I issued an order granting JLG's motion for sanctions as to Colson Group and denying the motion for sanctions as to Colson Caster and Colson Asia. Docket #188. I therefore granted sanctions in the amount of one-third of JLG's costs and fees associated with the instant motion, and I directed JLG to file under seal a schedule of its costs and fees. See id.

JLG has done so. JLG's submission documents that its counsel (including a paralegal) spent a total of 16.8 hours performing four categories of work: engaging in good-faith efforts to resolve the discovery dispute without motion practice, drafting the motion to compel and impose sanctions, preparing for and attending the motion hearing, and preparing JLG's documentation of its costs and fees. One partner, one associate, and one paralegal performed this work. The partner, whose hourly rate is $275, has fourteen years' experience and works primarily on products liability litigation throughout the United States; the associate has two years' experience and bills $200 per hour; and the paralegal has ten years' experience and bills $85 per hour. They billed a total of $3,356 in fees, one-third of which is $1,118.66.

Having reviewed JLG's submission, and having employed the lodestar method to calculate a reasonable award of attorneys' fees, I find that the time expended and hourly rates charged by JLG's counsel are reasonable. Accordingly, I order an award of sanctions as to Colson Group in the amount of $1,118.66.

Federal Rule of Civil Procedure 37(a)(5)(A) directs the Court to "require the party or deponent whose conduct necessitated [the filing of a motion to compel], the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). At the motion hearing, Colson Group's counsel candidly accepted responsibility for Colson Group's delay in responding to JLG's request for production. Accordingly, exercising my discretion, I order that the sanctions shall be imposed on Colson Group's counsel.

## Conclusion

For the foregoing reasons, counsel to Colson Group Holdings, LLC is ORDERED to forthwith reimburse JLG Industries, Inc. in the amount of $1,118.66.[1]

/s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge

---

[1] Colson Group is hereby notified that if it objects to the amount of sanctions awarded, it is to so notify the Court in writing on or before July 31, 2018.